654 P.2d 570
**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Dalton Lloyd ENNIS,
Defendant-Appellant.**

**No. 5586.**

Court of Appeals of New Mexico.

Oct. 14, 1982.

Certiorari Denied Dec. 1, 1982.

John B. Bigelow, Chief Public Defender, David Stafford, Asst. Appellate Defender, Public Defender Dept., Santa Fe, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Santa Fe, Heidi Topp Brooks, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

LOPEZ, Judge.

The defendant appeals his conviction of attempt to commit a capital felony, to-wit, murder in the first degree, contrary to § 30–28–1 A, N.M.S.A.1978 and § 30–2–1 A(1), N.M.S.A.1978 (1982 Cum.Supp.), and order of restitution. We affirm.

The issues for decision are: 1. the prosecutor's comments; 2. restitution.

## FACTS

During the trial, the victim testified that Mr. Ennis was the person who shot her. Mr. Ennis testified that he was not the person who shot the victim. The State presented testimony that Mr. Ennis had purchased a handgun and that while they had been unable to locate the gun, the ballistics tests showed that the gun purchased by Mr. Ennis was one of the several makes and models which could have fired the shot which wounded the victim. Mr. Ennis testified that he had purchased a gun, but immediately gave it to the man he occasionally hunted with, James Edwards. Mr. Ennis explained that as a student, he was not permitted to keep a handgun on campus. He stated that Mr. Edwards lives in Albuquerque. The incident occurred in Las Cruces.

Mr. Ennis was convicted of attempt to commit a capital felony, to-wit, murder in the first degree. As a result, he was sentenced to imprisonment for nine years. Section 31–18–15 A(2), N.M.S.A.1978 (1981 Repl.Pamph.). He received a firearm enhancement of one additional year. Section 31–18–16(A), N.M.S.A.1978 (1981 Repl. Pamph.). No portion of his sentence was suspended or deferred.

The trial court further ordered that Mr. Ennis make restitution to the victim for hospital and medical expenses.

From the judgment and sentence of the trial court, Mr. Ennis appeals.

PROSECUTOR'S COMMENTS

Defendant testified that on the day he purchased the gun, he gave it to a friend, James Edwards, whom he had not seen since that date, and whose whereabouts he didn't know. Defendant stated that he had Edwards' last Albuquerque address, but that Edwards did business in other states and had told defendant that he would write and give him his new address but never did. The gun was never found and James Edwards was never called as a witness.

In closing argument, the prosecutor made the following comments:

I submit to you however, that a person would not spend $170 upon a pistol and turn it over to a friend.

This case has been going on for six months, ladies and gentlemen. The defendant has as much right as anybody else to call witnesses to the stand. Where was James Edwards?

Defense counsel's objection was sustained and the trial court told the jury the following:

Disregard any statement as to witnesses who may have participated in this trial. There is no obligation on anyone to present any witnesses.

The defendant's appeal challenges his conviction on grounds that the comments of the prosecutor were improper, that prejudice resulted, and that it was not, and could not, be cured by the cautionary instructions of the trial court. Based on this, the defendant argues that his conviction should be reversed.

In asking "Where was James Edwards", the prosecutor sought to have the jury infer that if Edwards had been called, his testimony would have been unfavorable to defendant. There is no claim of privilege or that Edwards was not competent to testify. *State v. Frank,* 92 N.M. 456, 589 P.2d 1047 (1979); *Graves v. United States,* 150 U.S. 118, 14 S.Ct. 40, 37 L.Ed. 1021 (1893). The briefs argue, extensively, the propriety of such an inference. We do not view the propriety of such an inference as dispositive.

*State v. Soliz,* 80 N.M. 297, 454 P.2d 779 (Ct.App.1969), reviewed the conditions for properly drawing the inference. *See* 2 Wigmore, Evidence § 285–288 (Chadbourn rev. 1979). One of the conditions—the witness must be within the power of the party to produce—was not met in this case. Defendant's testimony, uncontradicted, is that he did not know the whereabouts of Edwards.

In such a situation, it would be improper for the trial court to instruct the jury concerning the inference. *See Graves v. United States, supra.* Because of the difficulty in determining whether the conditions for drawing the inference have been met *State v. Soliz, supra,* New Mexico approved instructions provide that no instruction is to be given concerning the production of witnesses. U.J.I.Crim. 40.10; U.J.I.Civ. 21.4.

Here, however, we are not concerned with a judge's instruction to the jury, but with allowing argument which seeks to have the jury draw the inference. Concerning this situation, *State v. Vallejos,* 653 P.2d 174 (Ct.App.1982) states:

New Mexico law permits comment, in closing argument, concerning the failure to call a witness. U.J.I.Crim. 40.10 and Committee commentary * * * U.J.I.Civil 21.4 and Committee Comment * * * *State v. Martin,* 32 N.M. 48, 250 P. 842 (1926).

\* \* \* \* \* \*

Such an inference may or may not be valid. Because such an inference may be urged by both sides, and is a "mere matter of argument" by the attorneys, New Mexico trusts "to the good sense of the jury to properly estimate the value of such arguments." *State v. Martin, supra.*

In holding that attorney comment upon the failure to call a witness was permissible, *State v. Martin, supra,* recognized most, if not all the conditions stated in *Wigmore, supra,* and *Graves v. United States, supra,* for properly drawing the inference. *See* 32 N.M. at 66, 250 P. 842. *Martin,* nevertheless, permits the attorney comment, recognizing that "counsel should be allowed con-

siderable latitude of speech; and, so long as extraneous facts are not injected or improper language used, the trial judge should not interfere." Why? Because it is for the jury to properly estimate the value of the attorneys' argument.

Defendant's suggestion that we must follow *Graves v. United States, supra,* is incorrect. *Graves* may have stated a rule governing federal practice, but it did not state a rule of constitutional dimension. *State v. Martin, supra,* is consistent with *United States v. Cotter,* 60 F.2d 689 (2d Cir.1932), which states:

> A judge is not required to intervene here any more than in any other issue of fact. He must indeed, as he always must, keep the prosecution in a criminal case within bounds; he must not allow it by implication to invoke unsound legal doctrines . . . just as he must keep passion out of the debate and hold the parties to the issues. *But he is not charged with correcting their non sequiturs; the jury are to find these for themselves.* So the judge in the case at bar was not required to correct the argument, that the failure of the defendants to call the four witnesses was a ground for supposing that they would swear against them. He might have done so, but he need not. * * * (Emphasis added.)

■ The inference that the prosecutor wished the jury to draw would have been an invalid one because the only showing was that Edwards was not within defendant's power to produce. The prosecutor's argument was incorrect, but it was no more than argument. This argument had a basis in the evidence and was within the latitude allowed the prosecutor in closing argument. *State v. Venegas,* 96 N.M. 61, 628 P.2d 306 (1981). Defendant was free to point out the invalidity of the prosecutor's argument. The prosecutor's argument did not amount to legal error. *State v. Martin, supra.*

■ Defendant's claim, that the prosecutor's argument impermissibly shifts the burden of proof, was answered adverse to defendant in *State v. Vallejos, supra.* Defendant's contention, that the prosecutor's comment on failure to call a witness should be analogized to a comment on a defendant's failure to testify, is answered in *United States v. Merryman,* 630 F.2d 780 (10th Cir.1980). Comment may be made on the failure to call a witness only "so long as the statement made cannot be construed as a comment on the failure of the defendant to testify."

■ Defendant's reply brief asserts that the propriety of the prosecutor's comment is only indirectly involved in this appeal, because the trial court sustained defendant's objection to the comment and the prosecutor did not object to this ruling, defendant asserts the only issue is whether the trial court's admonition that the jury disregard the comment purged any resultant prejudice. Our answer is that New Mexico law permits the comment; there was no "resultant prejudice".

## RESTITUTION

The defendant was sentenced to nine years imprisonment for attempted murder, an additional year for having used a firearm in the commission of the crime, and two years of parole. As a condition of parole he was ordered to make restitution to Cindy Waterworth for her hospital and medical expenses resulting from the injury inflicted by the defendant. No part or portion of the basic statutory sentence was suspended or deferred.

Defendant contends that restitution as a condition of parole is only authorized by statute under § 31–17–1, N.M.S.A.1978 (1981 Repl.Pamph.), and this statute authorizes restitution only when the trial court "exercises either of the sentencing options under § 31–20–6 NMSA 1978." Since § 31–20–6(B) deals with deferring and suspending sentences and the trial court did not exercise either of the options, defendant contends that it did not have the authority to include restitution as a condition of parole. We note this was not raised in the docketing statement, but it has been raised in the briefs and it is a jurisdictional issue. We have chosen to review this matter. The

State agrees in its brief with the arguments and contentions of the defendant.

We disagree with both the State and the defendant. Section 31–17–1(B), makes restitution mandatory when a sentence is deferred or suspended; the court has no discretion. However, § 31–17–1(A) is declarative of the New Mexico policy requiring that each violator make restitution and directs the courts to interpret and administer the law in a manner that will enforce this policy.

Section 31–17–1(B) does not limit or restrict the application of this policy only to those cases in which sentence is suspended or deferred. *State v. Gross,* 98 N.M. 309, 648 P.2d 348 (Ct.App.1982); *State v. Lack,* 650 P.2d 22 (Ct.App.1982). A mandatory probationary period was included in defendant's sentence. Section 31–18–15 N.M.S.A. 1978.

Under the facts and circumstances of the case at bar, the trial court had legal authority to order restitution.

The sentence and judgment are affirmed. IT IS SO ORDERED.

WOOD and DONNELLY, JJ., concur.