668 P.2d 326

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Alfonso DIAZ a/k/a Lonnie Diaz, Defendant-Appellant.**

**No. 6055.**

Court of Appeals of New Mexico.

July 28, 1983.

Paul Bardacke, Atty. Gen., Barbara F. Green, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Janet Clow, Chief Public Defender, Linda Corr, Asst. Appellate Defender, Santa Fe, David Lane, Trial Atty., Silver City, for defendant-appellant.

## OPINION

BIVINS, Judge.

From convictions for commercial burglary and larceny of property, defendant appeals raising two points:

1. Did the prosecutor's comments during closing argument deprive defendant of his right to a fair trial?
2. Did defendant receive ineffective assistance of counsel?

Because of the disposition under the first point, we do not reach the second issue.

■ The prosecutor made the comments complained of during closing argument, primarily during the State's rebuttal. In his opening summation the prosecutor made references to the credibility of a co-defendant, James Marquez, who pled guilty and testified for the State. The prosecutor told the jury that he wished he could have brought in good, upstanding citizens to testify, "but fortunately people like you don't go around committing felonies in the middle of the night. *It's crooks with other crooks,* and I brought a crook [Marquez] and put him on the stand." (Emphasis added). Defendant did not object at that time, but at the end of the initial summation he moved for a mistrial. The trial court indicated that it would not consider any "motions" until the conclusion of all argument. After both sides had concluded their summations, the trial court excused the jury to deliberate and then proceeded to hear defendant's motion for mistrial and his objections made for the first time. While the court heard the motion and objections, the jury deliberated the case. Neither side objected to this procedure. Although we recognize that the trial court has wide discretion in dealing with and controlling counsel's argument to the jury, *State v. Pace,* 80

N.M. 364, 456 P.2d 197 (1969), the procedure of hearing motions and objections after excusing the jury to deliberate is not to be followed. At the conclusion of the arguments, defense counsel stated that he would be perfectly satisfied with an admonishment. The trial court gave none; it denied the defendant's motion for mistrial and overruled his objections.

■ Procedurally, we must consider the problem of whether defendant properly preserved the present issue for appeal. Generally, appellate courts will not review an allegedly improper remark by a prosecutor unless the defendant timely objects. *State v. Tafoya,* 94 N.M. 762, 617 P.2d 151 (1980); *State v. Ruffino,* 94 N.M. 500, 612 P.2d 1311 (1980); *State v. Polsky,* 82 N.M. 393, 482 P.2d 257 (Ct.App.1971). An exception to the general rule applies when a case involves fundamental error. *State v. Ramirez,* 98 N.M. 268, 648 P.2d 307 (1982); *State v. Baca,* 89 N.M. 204, 549 P.2d 282 (1976); *State v. Lara,* 88 N.M. 233, 539 P.2d 623 (Ct.App.1975). If, during the course of a trial, a prosecutor engages in more than one instance of misconduct, it is not necessary for review that the defendant object every time if the cumulative effect of such improper conduct by the prosecutor denies him a fair trial. *State v. Vallejos,* 86 N.M. 39, 519 P.2d 135 (Ct.App.1974). Moreover, where the trial court addresses an untimely motion on the merits, an appellate court may review the question presented. *State v. Ramirez,* 92 N.M. 206, 585 P.2d 651 (Ct. App.1978). The matter is properly before this Court.

As to the substantive considerations raised, defendant claims that comments made by the prosecuting attorney during closing and rebuttal argument abrogated defendant's right to a fair trial. The State essentially argues that the prosecutor properly commented on the evidence and properly responded to comments made by defense counsel in his closing.

■ In resolving the issue we must consider the following: 1) whether any com-

ment by the prosecutor served to pre-condemn defendant on the basis of the prosecutor's authority; 2) whether the prosecutor used any abusive language or improperly commented on the character of defendant; 3) whether the prosecutor improperly commented on the proof required to establish the intoxication defense; and 4) whether any prosecutorial misconduct warrants reversal. Before proceeding to address these considerations we note that this case does not involve 1) comment by the prosecutor on defendant's failure to testify, *see State v. Baca,* or 2) a remark by the prosecutor amounting to a personal belief that defendant committed the crimes charged, *see State v. Vallejos.* Defendant raised the issue of whether the prosecutor commented on defendant's silence but then withdrew it at the motion hearing. As to whether the prosecutor expressed a personal opinion about defendant committing the crimes charged, we note that a number of comments by the prosecutor could be interpreted that way; however, it must be kept in mind that defendant did not seriously question his involvement, rather he defended on the basis that intoxication prevented him from forming a specific intent. Therefore, any comment by the prosecutor, not amounting to a personal expression that the prosecutor believed defendant lacked the specific intent, could find support in the evidence. *See State v. Herrera,* 84 N.M. 46, 499 P.2d 364 (Ct.App.1972).

A. Reference to the authority of the prosecutor

■ A prosecutor may not, in effect, pre-condemn a defendant on the basis of the authority he represents. *State v. Vallejos.*

The following statements made by the prosecutor constituted improper references to his authority:

The taxpayers pay me, pay the judge, even pay Mr. Lane, and they're gonna pay you for being here two days.

Please remember ladies and gentlemen, that I represent the State, and just like Lonnie Diaz is represented by Mr. Lane, I represent you and all the other people in

the Sixth Judicial District which covers three counties. You are my clients. I'm here to protect your rights. I'm here to protect the security of your homes, your places of business. The people of New Mexico come in here and presented this case to you * * *.

When you start putting judges on trial, Supreme Court Justices, prosecutors who represent the people * * *.

Just remember, the style of this case is State of New Mexico versus Alfonso Diaz * * *. And the people of this district ask you to find him guilty of both counts.

■ Clearly the prosecutor in this case made substantial reference to the authority he represented. As suggested in *State v. Vallejos,* such statements by the prosecutor can amount to a personal opinion with respect to the guilt of the defendant. In effect, the prosecutor encourages the jury to infer that he would not prosecute the case if he did not believe in the defendant's guilt. In the circumstances of this case, therefore, the comments referring to the prosecutor's authority could have had the effect of communicating to the jury that the prosecutor would not have brought the case against the defendant, unless the prosecutor believed defendant capable of forming a specific intent.

Note that NMSA 1978, Code of Professional Responsibility; Canons and Disciplinary Rules, Rule 7–106(C)(4) (Repl.Pamp. 1982), states that when appearing in his professional capacity before a tribunal, a lawyer shall not assert his personal opinion as to the justness of a cause, as to the credibility of a witness or as to the guilt or innocence of an accused. *But cf. State v. Martinez,* 99 N.M. 353, 658 P.2d 428 (1983) (one derogatory remark).

■ No justification exists for the prosecutor in this case to have referred, as extensively as he did, to the authority he represented. The remarks of the prosecutor regarding his own authority created the possibility that the jury may have based their decision on something other than the evidence presented. In jury arguments a prosecutor must confine himself to the facts

introduced in evidence and to the fair and reasonable inferences to be drawn therefrom. *State v. Venegas,* 96 N.M. 61, 628 P.2d 306 (1981); *State v. Aguirre,* 84 N.M. 376, 503 P.2d 1154 (1972).

We address the question of whether those improper remarks warrant reversal later in this opinion.

B. Abusive language or improper comment on the character of the defendant

■■■ It is improper for a prosecutor to comment on the character of the accused, unless the defendant has placed his character in issue. *State v. Gutierrez,* 93 N.M. 232, 599 P.2d 385 (Ct.App.1979); *State v. Day,* 91 N.M. 570, 577 P.2d 878 (Ct.App. 1978). Under some circumstances, improper comment by the prosecutor does not constitute reversible error if the defendant invited it. *State v. Jaramillo,* 88 N.M. 60, 537 P.2d 55 (Ct.App.1975); *State v. Wesson,* 83 N.M. 480, 493 P.2d 965 (Ct.App.1972). Also, while a prosecutor may not use abusive language against the accused which tends solely to prejudice him, such language may be proper if appropriate to the facts in evidence. *E.g., People v. Motherwell,* 195 Cal.App.2d 545, 16 Cal.Rptr. 140 (1961).

■■ We do not set out the remarks of the prosecutor in regard to this subpoint. We merely note that during closing arguments the prosecutor referred to defendant as a "yo yo", as "stupid", as a "thief", and as a "crook".

In our view, the extent to which the prosecutor relied upon the vituperative language had the effect of inflaming the jury. We do not believe that defense counsel's use of an offensive term operates as an invitation to the prosecutor to make extensive use of the term. It is one thing to place defendant's character in issue and quite another to vilify and make him appear an evil person before the jury by the use of derogatory terms. The prosecutor improperly used the term "yo yo" four times and said that defendant must have been stupid because otherwise he would not be in court.

We need not decide whether this alone warrants reversal in view of our disposition of the case.

C. Comments regarding intoxication

■■ The prosecutor's comment that in order to establish the intoxication defense the defendant would have to produce expert testimony does not correctly state the law. In *State v. Ennis,* 99 N.M. 117, 654 P.2d 570 (Ct.App.1982), we held, "Comment may be made on the failure to call a witness only 'so long as the statement made cannot be construed as a comment on the failure of the defendant to testify.'" *Id.* at 573. The comment here, in addition to being incorrect, teeters dangerously on the border-line of suggesting that the jury should determine the facts from evidence *not* produced. The court's Instruction 9 told the jury the exact opposite. Defendant did not have the opportunity here, as in *Ennis,* to answer the State's comments because they were made in the prosecutor's final rebuttal closing.

■■ The prosecutor challenged the viability of the intoxication defense by telling the jury, in effect, that if they believed the defendant could not form an intent, then its verdict of not guilty would send a message to the community that would encourage similar crimes. He also suggested that if the defense could be proven in this case, then Marquez's attorney surely would not have permitted his client to plead guilty. The first comment does not address the merits of the defense. By suggesting that a verdict of not guilty would send a message, the prosecutor is telling the jury in effect to disregard the defense even if they find it meritorious. Specific intent is an essential element of the crimes of burglary and larceny. *State v. Gunzelman,* 85 N.M. 295, 512 P.2d 55 (1973); *State v. Rhea,* 86 N.M. 291, 523 P.2d 26 (Ct.App.1974). Counsel may not misstate the law. With respect to the second comment, Marquez's condition and defendant's condition at the time of the incident may or may not have been the same; Marquez's intent has no relevance to defendant's case. The judge alone instructs the jury as to the law, and

where counsel attempts to instruct, he invades the province of the court. *State v. Payne,* 96 N.M. 347, 630 P.2d 299 (Ct.App. 1981). As with the comments discussed under subparagraph A, whether we must reverse depends upon the cumulative effect of all the statements.

D. Whether the improprieties warrant reversal

This discussion has concluded that the prosecutor in this case made improper remarks to the jury, in that 1) he made overextensive references to the authority he represents, 2) he improperly made vituperative remarks about defendant, and 3) he derogated the defense of intoxication. Although the prosecution as well as the defense is allowed wide latitude in closing argument and the trial court has wide discretion in dealing with and controlling closing argument, *State v. Turner,* 81 N.M. 571, 469 P.2d 720 (Ct.App.1970), there are certain perimeters beyond which counsel is forbidden to go. If the remarks of the prosecutor amounted to cumulative error, defendant's conviction must be reversed on the grounds of fundamental error. *State v. Vallejos,* 86 N.M. 39, 519 P.2d 135 (Ct.App.1974).

In *State v. Vallejos,* we said that the concepts of "fundamental error" and "fair trial" were sufficiently similar so that we would review the question of "fair trial" regardless of whether a defendant meets procedural requirements. The question then is whether the prosecutor's misconduct taken as a whole deprived defendant of a fair trial. We hold the cumulative impact did. Defendant did not deny his involvement in the incident; instead he defended on the basis that he lacked intent due to intoxication.

Our Supreme Court in *State v. Cummings,* 57 N.M. 36, 253 P.2d 321 (1953), quoted with approval from *Berger v. United States,* 295 U.S. 78, 55 S.Ct. 629, 79 L.Ed. 1314 (1935):

> The United States Attorney is the representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done. As such, he is in a peculiar and very definite sense the servant of the law, the twofold aim of which is that guilt shall not escape or innocence suffer. He may prosecute with earnestness and vigor—indeed, he should do so. But, while he may strike hard blows, he is not at liberty to strike foul ones. It is as much his duty to refrain from improper methods calculated to produce a wrongful conviction as it is to use every legitimate means to bring about a just one.
>
> It is fair to say that the average jury, in a greater or less degree, has confidence that these obligations, which so plainly rest upon the prosecuting attorney, will be faithfully observed. Consequently, improper suggestions, insinuations, and especially, assertions of personal knowledge are apt to carry much weight against the accused when they should properly carry none. * * *
>
> In these circumstances prejudice to the cause of the accused is so highly probable that we are not justified in assuming its non-existence. * * * Moreover, we have not here a case where the misconduct of the prosecuting attorney was slight or confined to a single instance, but one where such misconduct was pronounced and persistent, with a probable cumulative effect upon the jury which cannot be disregarded as inconsequential. * * *

We reverse the judgment and sentence and remand the case for new trial.

IT IS SO ORDERED.

WALTERS, C.J., and DONNELLY, J., concur.