793 P.2d 848

**STATE of New Mexico,
Plaintiff–Appellee,
v.
Martin GONZALES,
Defendant–Appellant.**

No. 18459.

Supreme Court of New Mexico.

May 24, 1990.

Jacquelyn Robins, Chief Public Defender and Jerry Todd Wertheim, Asst. Public Defender, Santa Fe, for defendant-appellant.

Hal Stratton, Atty. Gen. and Gail Mac-Questen, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

SOSA, Chief Justice.

Defendant-appellant, Martin Gonzales, was convicted by a jury of first-degree murder and discharging a firearm at an occupied vehicle. Appellant was tried jointly with his father, Pedro Gonzales. Appellant shot and killed one Michael Sandoval. Sandoval had been a passenger in the pickup truck of Ben Rivera. Appellant and Rivera on several occasions had exchanged threats. On the night of the killing, Rivera had followed Appellant to Appellant's home after Appellant allegedly made an obscene gesture at Rivera. As Rivera's truck, with the victim inside, passed by Appellant's house, Appellant shot toward the truck, hitting the victim. According to Appellant, he fired his rifle toward the truck because Rivera had a gun in his hand and he thought Rivera was going to shoot at him. Appellant acknowledges that the vehicle was moving away when he fired at it.

On appeal, Appellant alleges the following errors:

(1) The State improperly shifted the burden of proof to Appellant on self-defense. In closing argument the prosecutor stated; "The State is certainly not offering here to you today, even though you have the instruction on self-defense that was also giv-

en to you, that that's a proper verdict in this case, that the evidence supports that verdict beyond a reasonable doubt." Defense counsel did not object to the prosecutor's statement. The State argues that the prosecutor's words were an "inadvertent misstatement of the law" that neither constituted fundamental error nor prejudiced Appellant's case.

(2) The trial court improperly joined Appellant and his father as defendants. The defendants had not been indicted jointly. Appellant objected at trial to joint prosecution and moved for a severance. The State argues that joinder was within the discretion of the trial court and that Appellant suffered no prejudice because of joinder. The State relies on *State v. Segotta,* 100 N.M. 18, 24–25, 665 P.2d 280, 286–87 (Ct. App.), *rev'd on other grounds,* 100 N.M. 498, 672 P.2d 1129 (1983).

(3) The trial court erred in excluding evidence of Ben Rivera's juvenile conviction of armed robbery. Appellant had offered to introduce this evidence on grounds that it substantiated self-defense in that Appellant alleged he was protecting himself from Rivera's aggression. Appellant argues that Rivera's juvenile conviction was admissible as evidence of a character trait, which constituted an element of his theory of self-defense and which properly could be proven by specific instances of conduct. He relies on *State v. Gallegos,* 104 N.M. 247, 719 P.2d 1268 (Ct.App.1986). The State argues that "evidence of juvenile adjudications generally is not admissible" under SCRA 1986, 11–609. Nor is evidence of Rivera's offense admissible as a character trait under SCRA 1986, 11–404(A)(2). The State also argues that *Gallegos* was decided wrongly and should not be followed as precedent to support Appellant's argument. The State argues that in *Gallegos* the testimony of the victim's ex-wife should not have been admissible absent a showing that defendant knew of the prior violent acts the ex-wife was relating.

(4) The trial court erred in admitting into evidence over Appellant's objection the prior recorded statement of Judy Carillo, Appellant's common-law wife. The wife had given the statement at a preliminary hearing for Appellant's father. Appellant's counsel did not have the opportunity to appear at the hearing to examine the wife. The State argues that, once the wife asserted her fifth amendment privilege at trial not to testify, her previous testimony became admissible against Appellant's father under SCRA 1982, 11–804(B)(1). The court, at Appellant's request, initially agreed to instruct the jury to consider the statement only in the father's case. The State notes that, once the recording of the wife's testimony had been played to the jury, Appellant's counsel asked to have the jury consider the testimony in Appellant's case as well as in the father's case, because the testimony appeared to help Appellant's case. Because of defense counsel's request, the court did not issue its limiting instruction. The State contends that the wife's testimony helped Appellant and caused him no prejudice.

(5) The prosecution's conduct constituted prejudicial error, namely, placing a number of weapons not marked as evidence on a table before the jury, commenting on Appellant's silence by references to his and his family's failure to call the police after the crime, and making negative comments about Appellant's family. The State notes that the weapons were removed once the court was asked by defense counsel to remove them and that Appellant does not state which weapon(s) explicitly prejudiced his case or why. The State also argues that questions about prearrest silence are proper, relying on *Jenkins v. Anderson,* 447 U.S. 231, 100 S.Ct. 2124, 65 L.Ed.2d 86 (1980), and that no objections were made at trial to questions about the family's or Appellant's failure to call police. Further, the State points out that no objection was made to the prosecutor's comments in closing argument about Appellant's family. The State contends the comments were pertinent to the case.

(6) The trial court erred in submitting to the jury both of the State's theories of first-degree murder—deliberate, premeditated killing and depraved-mind murder—on the same verdict form. Appellant concedes that, if both theories were supported

by substantial evidence, there is no error, but points out that, if either theory was not supported by substantial evidence, the verdict form introduced a false issue to the jury and the verdict must be reversed. *State v. Hicks*, 89 N.M. 568, 555 P.2d 689 (1976). Here, Appellant argues that there was substantial evidence to instruct the jury on neither of the two theories of murder. We note that defense counsel failed to object at trial to use of the single jury form. The State argues, moreover, that substantial evidence supported each of the two theories of murder submitted to the jury.

(7) The trial court erred in admitting the prior recorded testimony of Regina Gonzales. It is alleged that the testimony was hearsay and prejudicial. The State argues that the witness was unavailable owing to her three different versions of testimony given on three separate occasions, that defense counsel stipulated that transcript of the witness' testimony at Appellant's preliminary hearing could be marked and given to the jury, and that defense counsel requested no limiting instruction.

Having considered the record and taped transcript, briefs of counsel and oral arguments, we affirm.

■ Appellant links the court's refusal to admit evidence of Ben Rivera's prior conviction with the prosecutor's erroneous statement on the burden of proof for self defense. Appellant concedes that, in and of itself, the court's refusal to admit the evidence does not constitute reversible error. Yet, when taken together with the prosecutor's erroneous argument, Appellant contends, fundamental error is shown. We disagree.

Specific instances of a person's conduct may be introduced to show character when "character or a trait of character of a person is an essential element of a charge, claim or defense." SCRA 1986, 11–405(B); *see State v. Montoya*, 95 N.M. 433, 622 P.2d 1053 (Ct.App.) (discussing relationship between Rules 11–404(B) and 11–405), *cert. denied*, 95 N.M. 426, 622 P.2d 1046 (1981); *State v. Herrera*, 92 N.M. 7, 15, 582 P.2d 384, 392 (Ct.App.) (distinction between proof of reputation and proof of specific acts not applied when pertinent trait of character offered by accused as essential element of defense), *cert. denied*, 91 N.M. 751, 580 P.2d 972 (1978); *State v. Bazan*, 90 N.M. 209, 561 P.2d 482 (Ct.App.) (absent claim of self-defense, evidence of specific prior acts by assault victim not admissible under Rule 11–405(B) to prove victim's character for aggressiveness or recklessness), *cert. quashed*, 90 N.M. 254, 561 P.2d 1347 (1977).

However, the defendant who asserts self-defense must first show that he knows of the acts that are alleged to be probative of the character trait of violence. *State v. McCarter*, 93 N.M. 708, 604 P.2d 1242 (1980). Once a defendant establishes that he knew of the violent act(s), the trial court in its discretion may still rule evidence of the act(s) inadmissible. *State v. Ewing*, 97 N.M. 235, 237, 638 P.2d 1080, 1082 (1982), *further proceedings sub nom.*, *Ewing v. Winans*, 749 F.2d 607 (10th Cir.1984). Here, it is conceded that Appellant did not know of Rivera's juvenile conviction. Even if he had, however, we cannot conclude that the trial court abused its discretion in disallowing introduction of the evidence, especially when it is considered that Appellant fired at the vehicle while it was moving away. We do not read *State v. Gallegos*, 104 N.M. 247, 719 P.2d 1268 (Ct.App. 1986), as detracting from the rule established in *McCarter*, 93 N.M. at 712, 604 P.2d at 1246. *See also Trujillo v. Sullivan*, 815 F.2d 597, 613 (10th Cir.1987).

■ Nor did the trial court abuse its discretion in disallowing introduction of the evidence under SCRA 1986, 11–609(C). By that rule "evidence of juvenile adjudications is generally not admissible" unless it is offered in a criminal case against a witness other than the accused and "if conviction of the offense would be admissible to attack the credibility of an adult and the judge is satisfied that admission in evidence is necessary for a fair determination of the issue of guilt or innocence." *Id.* By this standard, the trial court properly disallowed introduction of the evidence.

We thus find no error in the court's refusal to admit evidence of Rivera's prior conviction. Nor do we find error, fundamental or otherwise, in the prosecutor's erroneous statement as to the burden of proof for self-defense. The defense did not object to the statement. "Generally, appellate courts will not review an allegedly improper remark by a prosecutor unless the defendant timely objects. An exception to the general rule applies when a case involves fundamental error." *State v. Diaz,* 100 N.M. 210, 212, 668 P.2d 326, 328 (Ct.App.1983) (citations omitted). We fail to see how the prosecutor's remark amounts to fundamental error. Given the context of the prosecutor's argument, the erroneous statement was not harmful to Appellant. It was made in rebuttal to an argument by defense counsel that the State had submitted a "laundry list" of crimes and was asking the jury to pick out the most appealing one. The prosecutor argued, "I was merely explaining to you the instructions the court has given you ... I am not vouching to you that the State believes that the proper verdict is any one of the above." Further, the court instructed the jury, "In considering this defense [of self-defense] and after considering all the evidence in this case, if you have a reasonable doubt as to defendant's guilt, you must find him not guilty." *See State v. Ramming,* 106 N.M. 42, 47, 738 P.2d 914, 919 (Ct.App.) ("We must consider [the prosecutor's erroneous comment] in the context in which it was made."), *cert denied,* 106 N.M. 7, 738 P.2d 125 (1987).

We agree substantially with the State's position on the remaining challenges and shall not consider them here, as they are without merit.

For the foregoing reasons we affirm the judgment entered by the district court.

IT IS SO ORDERED.

RANSOM and BACA, JJ., concur.