853 P.2d 1270

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**James LANDERS, Defendant–Appellant.**

**No. 13280.**

Court of Appeals of New Mexico.

Dec. 9, 1992.

Certiorari Granted Jan. 22, 1993.

Certiorari Quashed May 27, 1993.

Tom Udall, Atty. Gen., Ann M. Harvey, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Sammy J. Quintana, Chief Public Defender, Bruce Rogoff, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

## OPINION

APODACA, Judge.

Defendant appeals the trial court's judgment and sentence on two counts of criminal sexual contact of a minor (CSCM) under NMSA 1978, Section 30–9–13(A) (Cum. Supp.1990). He argues that: (1) the trial court's failure to instruct on the lawfulness of the touching that formed the basis of the charges was fundamental error; (2) a statement made by the prosecutor was prejudicial error; (3) the admission of evidence of prior "bad" acts was prejudicial error; and (4) the evidence was insufficient to support his convictions. Because we hold that the facts did not place lawfulness at issue, the trial court's failure to instruct

on that issue was not fundamental error. We additionally hold that the prosecutor's isolated comment was not prejudicial, that the trial court did not abuse its discretion in admitting evidence of defendant's prior acts with the victim, and that the evidence was sufficient to support the verdict. We thus affirm defendant's convictions.

## FACTS

The victim, who was fourteen years old at the time of trial, testified that, when she was between eleven and thirteen years old, when defendant came to her room to wake her for school, he would lift her nightgown and put his hand down her panties. This occurred almost daily. She said that once, when she was in the bathroom, defendant forced her to her hands and knees and rubbed his penis against her vaginal area. The victim was also permitted to testify, over objection, of a long history of other acts of sexual, physical, and emotional abuse for which defendant was not charged with any crime.

Defendant, who testified in his own defense, denied that he sexually touched the victim while waking her up and denied the occurrences of the incident in the bathroom and the other instances of sexual abuse. He testified that the victim was a difficult child and that he disciplined her for her disobedience. He argues on appeal that she had fabricated the allegation of sexual abuse in retaliation for his efforts to discipline her. To the extent that he did touch her, defendant stated that he did so as a father would, i.e., as a disciplinarian or with innocent affection.

During closing argument, the prosecutor told the jury that sexual abuse had to be stopped. Defense counsel objected, stating that the prosecutor's argument placed the blame for society-wide sexual abuse on defendant. The trial court warned the prosecutor to limit her argument to the case at hand. The prosecutor then limited her closing argument to defendant and urged the jury to consider the victim's need for protection and her hope for a normal life. Defendant did not request a curative instruction or a mistrial.

## DISCUSSION

### 1. *Jury Instruction on Lawfulness.*

This case presents a new type of situation to which we must apply our Supreme Court's holding in *State v. Osborne*, 111 N.M. 654, 808 P.2d 624 (1991). In that case, the Court held that, when a defendant is charged with CSCM, the jury must receive an instruction requiring it to decide, as an element of the crime, whether the touching was unlawful. *Id.* at 661, 808 P.2d at 631. In determining whether the absence of the lawfulness instruction was reversible fundamental error, "[t]he question is whether there was any evidence or suggestion in the facts, however slight, that could have put the element of unlawfulness in issue." *State v. Orosco*, 113 N.M. 780, 784, 833 P.2d 1146, 1150 (1992).

In *Osborne*, the defendant introduced evidence that the acts for which the state charged him with CSCM were lawful. *Osborne*, 111 N.M. at 656, 808 P.2d at 626. In *Orosco*, which consisted of consolidated appeals, no evidence in either case suggested that if the touchings occurred, they were for a lawful purpose. *Orosco*, 113 N.M. at 784, 833 P.2d at 1150. Our Supreme Court concluded that none of the facts in the consolidated appeals placed the element of lawfulness at issue, and thus the trial court's failure to instruct on that element was not fundamental error. *Id.* at 790, 833 P.2d at 1152. The facts of this appeal present a middle ground. On the one hand, defendant denied that he woke the victim in the manner to which she testified and that the incident in the bathroom took place. On the other hand, he stated that if he ever touched her, it was always in a fatherly way. This touching would include disciplining the victim by whipping her with a belt, slapping her on the legs, and pulling her hair, as well as kissing her on the forehead and hugging her. We must determine whether defendant's characterization of this touching as fatherly places at issue the lawfulness of the alleged conduct that formed the basis for the charges. In other words, we must decide if defendant was giving alternative testimony, i.e., that he did not sexually touch the victim *or, alternatively,* that he touched the victim in prohibited places for a lawful purpose.

■ The state's case, as the jury instructions reflect, was centered on defendant's touching a certain prohibited part of the victim's anatomy when waking her and once in the bathroom. *See* § 30–9–13. These jury instructions were the law of the case and, absent proof conforming to the instructions, the state could not prevail. *See State v. Martin*, 90 N.M. 524, 527, 565 P.2d 1041, 1044 (Ct.App.) (instructions that are not objected to and that are requested by the state become the law of the case), *cert. denied*, 90 N.M. 636, 567 P.2d 485 (1977). We believe that, although defendant contended that all touching of the victim was colorably lawful, there was no evidence from which the jury could infer that the particular touchings that the state sought to prove were lawful. The only way to view defendant's evidence is that he did not touch the victim whatsoever in the manner the state alleged *and* that all of his other touchings were lawful. Because defendant did not allege that the particular touchings forming the basis for the charges of CSCM were lawful, we conclude that the issue of the lawfulness of those touchings was not at issue. Thus, we consider the facts of this appeal analogous to *Orosco*, rather than to *Osborne*. Without evidence raising the question of the lawfulness of the particular touchings that made the state's case, we hold that the trial court's failure to give the lawfulness instruction was not fundamental error. *See Orosco*, 113 N.M. at 783–84, 833 P.2d at 1149–50.

### 2. *Prosecutorial Misconduct.*

Defendant argues that a statement made by the prosecutor during her closing argument was prosecutorial misconduct because it went beyond the evidence to appeal to the jury's normal prejudice against sex crimes and because the prosecutor repeated the statement after the trial court admonished her. Additionally, defendant claims the prosecutor's conduct was particularly egregious because she allegedly

committed similar misconduct in another unrelated trial.

■ The prosecutor and defense counsel are allowed latitude in closing arguments and the trial court has discretion in controlling closing arguments. *State v. Venegas*, 96 N.M. 61, 63, 628 P.2d 306, 308 (1981). If there is neither abuse of discretion nor prejudice to defendant, there is no error. *State v. Jett*, 111 N.M. 309, 314, 805 P.2d 78, 83 (1991) (quoting *State v. Pace*, 80 N.M. 364, 371, 456 P.2d 197, 204 (1969)). The question presented on appeal when a defendant alleges that the prosecutor in closing arguments made improper comments is whether the comments deprived the defendant of a fair trial. *Id.*

Because the focus of our inquiry is on whether *this* defendant was deprived of a fair trial, *id.*, we do not consider the prosecutor's alleged comments in another case relevant. We consider only the prosecutorial statements made in closing argument in this appeal.

■ The prosecutor told the jury to "keep in mind that child abuse is something that must be stopped." At this point, the trial court sustained defense counsel's objection to this statement. After an admonishment from the trial court, the prosecutor then stated that "sexual abuse must be stopped on [the victim]." Defendant characterizes this statement as the prosecutor ignoring the trial court's ruling. However, taken in context, the prosecutor's statement was limited to the effect on the victim.

■ Additionally, even if we were to categorize the statements as misconduct, we do not consider them to be reversible error. Isolated comments made in closing argument are generally not sufficient to require reversal. *See, e.g., State v. Clark*, 105 N.M. 10, 16, 727 P.2d 949, 955 (Ct.App.) (three improper comments made by prosecutor not found to be prejudicial error), *cert. denied*, 104 N.M. 702, 726 P.2d 856 (1986); *State v. Taylor*, 104 N.M. 88, 96, 717 P.2d 64, 72 (Ct.App.) (isolated comments were not so pervasive or prejudicial as to deprive the defendant of a fair trial),

*cert. denied*, 103 N.M. 798, 715 P.2d 71 (1986); *cf. State v. Diaz*, 100 N.M. 210, 668 P.2d 326 (Ct.App.1983) (prosecutorial misconduct found where, in closing argument, prosecutor repeatedly referred to the authority he represented, made vituperative comments about defendant, and derogated defendant's defense). The prosecutor's comment did not, under the facts of this appeal, deprive defendant of a fair trial. It was a single, isolated comment that, after the trial court's ruling, the prosecutor limited by referring to the victim. We conclude there was no reversible error.

### 3. *Evidence of Prior Bad Acts.*

Defendant objected at trial to the admission of evidence of prior "bad" acts, including uncharged sexual battery dating back to the victim's early childhood. He argues on appeal that this evidence was admitted merely to prove that he acted in conformity with his prior conduct and was thus inadmissible. *See* SCRA 1986, 11–404(B). Defendant also argues that, even if this evidence was admissible for any other purpose, the prejudicial effect of the evidence outweighed its relevance. *See* SCRA 1986, 11–403. In so arguing, defendant acknowledges the precedent against him. *See State v. Mankiller*, 104 N.M. 461, 722 P.2d 1183 (Ct.App.), *cert. denied*, 104 N.M. 378, 721 P.2d 1309 (1986). However, he contends that we should overrule *Mankiller* because it is contrary to Rules 11–403 and 11–404.

Rule 11–404(B) provides that evidence of a person's prior acts is generally not admissible to prove a person's character in order to show that he acted in conformity with that character. However, such evidence may be admitted for the purpose of proving motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. *Id.* This list of purposes is not exclusive. *See State v. Lara*, 109 N.M. 294, 296, 784 P.2d 1037, 1039 (Ct.App.), *cert. denied*, 109 N.M. 262, 784 P.2d 1005 (1989); *but see State v. Gibson*, 113 N.M. 547, 556, 828 P.2d 980, 989 (Ct. App.) (stating that if evidence of prior crimes is not admissible for a specific pur-

pose permitted by the rules of evidence, admission of such evidence can require reversal of the conviction), *cert. denied,* 113 N.M. 524, 828 P.2d 957 (1992).

 Even if evidence of a defendant's prior acts is relevant and admissible for a purpose other than proving the defendant acted in conformity with his character, the probative value of the evidence must outweigh its prejudicial effect to be admissible. *State v. Beachum,* 96 N.M. 566, 567–68, 632 P.2d 1204, 1205–06 (Ct.App.1981); R. 11–403. On appeal, the trial court's decision to admit evidence under Rule 11–404(B) is reviewed for abuse of discretion. *State v. Altgilbers,* 109 N.M. 453, 471, 786 P.2d 680, 698 (Ct.App.1989), *cert. denied,* 109 N.M. 419, 785 P.2d 1038 (1990).

In *State v. Minns,* 80 N.M. 269, 454 P.2d 355 (Ct.App.), *cert. denied,* 80 N.M. 234, 453 P.2d 597 (1969), decided before the adoption of our Rules of Evidence, this court held that, in criminal prosecutions for sex offenses, although evidence of similar offenses committed upon · persons other than the victim is generally inadmissible, evidence of similar offenses committed upon the victim "if not too remote, is admissible as showing a lewd and lascivious disposition of defendant toward the prosecuting witness and as corroborating evidence." *Id.* 80 N.M. at 272, 454 P.2d at 358. This rule has been affirmed since the Rules of Evidence were adopted in cases involving sex offenses committed upon children. *See State v. Scott,* 113 N.M. 525, 528, 828 P.2d 958, 961 (Ct.App.1991), *cert. quashed,* 113 N.M. 524, 828 P.2d 957 (1992); *State v. Delgado,* 112 N.M. 335, 341, 815 P.2d 631, 637 (Ct.App.), *cert. denied,* 112 N.M. 220, 813 P.2d 1018 (1991); *Mankiller,* 104 N.M. at 469, 722 P.2d at 1191.

Defendant generally argues that such evidence is essentially propensity evidence and thus inadmissible under Rule 11–404(B). We agree that, if such evidence was offered *solely* to demonstrate defendant's "lewd and lascivious disposition" toward the victim, *Mankiller,* 104 N.M. at 469, 722 P.2d at 1191, it would be inadmissible as irrelevant because conviction for criminal sexual penetration of a minor

(CSPM) or CSCM does not require proof of a sexual purpose. *State v. Pierce,* 110 N.M. 76, 83, 792 P.2d 408, 415 (1990). Thus, evidence of a defendant's lewd and lascivious disposition is not relevant in such cases. *See Cruz v. State,* 737 S.W.2d 74, 77 (Tex.Ct.App.1987).

 In cases involving sexual abuse or other sex crimes, evidence of acts with a third person, i.e., someone other than the victim of the crimes under indictment, is usually not admissible. *State v. Lucero,* 114 N.M. 489, 840 P.2d 1255 (Ct.App.1992), *cert. denied,* 114 N.M. 413, 839 P.2d 623 (1992). In *Lucero,* this Court reversed the defendant's convictions for various sex crimes against a minor and held that the trial court improperly admitted evidence regarding prior sex acts the defendant attempted to have with his former fiancée, an adult.

 The defendant in *Lucero* was charged with attempted criminal sexual penetration of a minor, criminal sexual penetration of a minor, criminal sexual contact of a minor, and kidnapping. *Id.* at 491, 840 P.2d at 1257. All the charges arose from a single incident in which the defendant invited a seven-year-old girl to his home where he allegedly molested her. *Id.* at 491, 840 P.2d at 1257. The state attempted to admit evidence that the defendant previously had had disagreements with his ex-fiancée about her unwillingness to have anal and oral sex with defendant. *Id.* at 491, 840 P.2d at 1257. Although the trial court sustained the defendant's objection to the testimony on direct examination of the ex-fiancée, the state was able to introduce the testimony when the state recalled the ex-fiancée as a rebuttal witness. The trial court allowed the evidence because it found that the acts testified to were not prejudicial.

*Lucero* rejected the "lewd and lascivious disposition" exception to Rule 11–404(B) in situations in which the state desires to introduce evidence concerning a defendant's prior sexual conduct with someone other · than the victim named in the indictment. In such cases, "the 'lewd disposition' exception is nothing more than a euphemism for

the character evidence [that] Federal Rule 404(B) and its state counterparts are designed to exclude." *Id.* at 492–93, 840 P.2d at 1258–59. However, *Lucero* did not reject use of the exception when the state wished to introduce evidence of a defendant's prior sexual conduct *with the victim*. In fact, this Court has previously accepted the "lewd and lascivious disposition" exception to Rule 11–404(B) for use in the latter situation. *See Scott*, 113 N.M. at 528, 828 P.2d at 961; *Delgado*, 112 N.M. at 341, 815 P.2d at 637; *Mankiller*, 104 N.M. at 469, 722 P.2d at 1191; *Minns*, 80 N.M. at 272, 454 P.2d at 358.

This distinction is in accord with some jurisdictions, *see State v. Jalette*, 119 R.I. 614, 382 A.2d 526, 533–34 (1978) (adopting California's standard); *Commonwealth v. Rodriguez*, 343 Pa.Super. 486, 495 A.2d 569, 574–75 n. 4 (1985); *see also* 1 *McCormick on Evidence* § 190, at 803–04 & n. 25 (John William Strong, ed., 4th ed. 1992) (Practitioner Treatise Series), but not with others. *See, e.g., Getz v. State*, 538 A.2d 726, 732–33 (Del.1988); *see also McCormick on Evidence, supra*, § 190, at 803–04 & nn. 26–27.

Defendant urges this Court to reconsider *Mankiller* and its progeny because the cases are contrary to Rule 11–404(B). However, the purposes listed in Rule 11–404(B) for which evidence of prior acts may be admitted is not exhaustive. *Lara*, 109 N.M. at 296, 784 P.2d at 1039. Thus, the fact that the "lewd and lascivious" exception is not specifically listed in Rule 11–404(B) is insufficient to convince us to reject the exception.

We recognize that some commentators have criticized the "lewd and lascivious" exception as simply allowing otherwise inadmissible propensity evidence. *See, e.g.,*

Robert N. Block, Comment, *Defining Standards for Determining the Admissibility of Other Sex Offenses*, 25 UCLA L.Rev. 261, 278–79 (1977); *see also Lucero*, 114 N.M. at 492–93, 840 P.2d at 1258–59. However, we believe the "lewd and lascivious disposition" exception in *Mankiller* is justified in determining whether evidence of prior acts with the complaining witness is admissible, even though use of the exception may not be justified in other situations. Evidence of prior acts with the complaining witness can directly bolster the complaining witness's testimony by providing significant corroboration. For example, in *People v. Bailey*, 103 Mich.App. 619, 302 N.W.2d 924 (1981), the Michigan Court of Appeals affirmed the admission of evidence regarding the defendant's prior acts with the complaining victim, the defendant's daughter. The court based its finding on the belief that such evidence was particularly justified when the acts charged were against a member of the defendant's household. The court explained that, without such evidence, the "[o]therwise ... seemingly isolated incident [would seem] incredible." *Id.* 302 N.W.2d at 927. We conclude that, when used for this purpose, such evidence is not inadmissible propensity evidence. Instead, such evidence may be deemed admissible under an exception to Rule 11–404(B).[1]

We agree that the "lewd and lascivious" exception is subject to abuse and that the phrase with which it is identified arguably could be understood to describe "propensity." We are, however, unwilling to overrule *Mankiller* and its progeny, because we are not yet persuaded that the results we have reached in applying *Mankiller* are inconsistent with the intent of the express exceptions contained in Rule 11–404(B).

---

1. The victim/non-victim distinction discussed here affects only the "lewd and lascivious disposition" exception to Rule 11–404(B) as announced by case law. It does not affect the admissibility of a defendant's prior sexual conduct with a non-victim if such conduct is properly admissible under Rule 11–404(B) or another Rule of Evidence. Thus, for example, evidence of a defendant's prior sexual conduct with a non-victim might be necessary to the prosecution's case because the victim was un-

able to effectively testify (for instance, if the victim were a very young child). In such situations, the evidence might be admissible under one of the "other purposes" listed in Rule 11–404(B). For example, the evidence might be admissible under the "absence of mistake or accident" exception. *Cf. Young v. Rabideau*, 821 F.2d 373 (7th Cir.1987) (prior disciplinary infractions admissible to show inmate hitting guard not an accident).

Nevertheless, we caution trial courts to exercise great care in admitting evidence of a defendant's prior acts with the victim, because such evidence is often highly inflammatory and prejudicial. If the evidence is not relevant to an issue in the case or is merely cumulative, it should not be admitted. *See, e.g., Getz,* 538 A.2d at 732–34; *Jalette,* 382 A.2d at 533–34; *Cruz,* 737 S.W.2d at 77–78 (holding that evidence of defendant's prior sex acts with victim not admissible unless defendant denies act or relationship or undermines victim's credibility). Additionally, although not required by the rule to do so, it is helpful when trial courts articulate the basis for the admission of such evidence. Doing so assists us as a reviewing court in determining the propriety of admission.

■ Under the facts of this appeal, we hold that the trial court did not abuse its discretion in admitting evidence of defendant's physical abuse and exhibitions. We believe the evidence corroborated the victim's testimony and placed the charged acts in context. The evidence of defendant's treatment of the victim was relevant to the issue of credibility and not merely offered to show defendant's character and propensity to commit the crime. Thus, we hold that admission of this evidence was not error.

### 4. *Sufficiency of the Evidence.*

Relying on *State v. Franklin,* 78 N.M. 127, 129, 428 P.2d 982, 984 (1967), defendant argues that the evidence was insufficient because (1) he did nothing improper; (2) the state's witnesses were not credible; (3) the victim fabricated her claims; and (4) there was no physical evidence of guilt. These claims involve issues of credibility and view the evidence in the light most favorable to defendant's position, an argument that is contrary to established principles of appellate review.

■ In determining whether there was sufficient evidence to support a jury verdict, we indulge all inferences favorable to the verdict and disregard the contrary ones. *State v. Duran,* 107 N.M. 603, 605, 762 P.2d 890, 892 (1988). We do not second guess the jury's decisions on who to believe and who to disbelieve, weigh the evidence, or substitute our judgment for that of the jury. *State v. Sutphin,* 107 N.M. 126, 130–31, 753 P.2d 1314, 1318–19 (1988). The test we apply when reviewing sufficiency of the evidence is "whether substantial evidence, either direct or circumstantial in nature, exists to support a verdict of guilty beyond a reasonable doubt with respect to each essential element of a crime charged." *Duran,* 107 N.M. at 605, 762 P.2d at 892.

■ Our review of the record indicates to us that substantial evidence supported the verdict. The victim testified directly regarding defendant's acts that were the basis of the crimes charged, although defendant disputed the victim's version in his testimony. The jury was entitled to believe the victim and disbelieve defendant. Additionally, contrary to defendant's contention, physical evidence is not required to support a conviction for CSCM. *See State v. Orosco,* 113 N.M. 780, 789, 833 P.2d 1146, 1155 (Ct.App.1992) (holding that child's statement of events was "ample direct evidence" to support conviction of CSCM as an accessory even though child's trial testimony contradicted statement), *aff'd,* 113 N.M. 780, 787, 833 P.2d 1146, 1153 (1992).

## CONCLUSION

We hold that the trial court's failure to instruct the jury on unlawfulness was not fundamental error because the facts did not place lawfulness at issue, since defendant denied that the specific acts occurred. We also hold that the prosecutor's isolated comment was not reversible error, that the trial court did not abuse its discretion in admitting evidence of defendant's prior acts with the victim, and that the evidence was sufficient to support the verdict. We therefore affirm defendant's convictions.

**IT IS SO ORDERED.**

BIVINS and MINZNER, JJ., concur.