This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

   Plaintiff-Appellee,

v.                                                    **NO. 29,955**

**MAXIMINO DEL RIO AGUILAR,**

   Defendant-Appellant

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Michael E. Vigil, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Karl Erich Martell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**FRY, Chief Judge.**

   Defendant appeals from the district court's judgment and sentence entered pursuant to a jury's verdict that found him guilty of eight counts of criminal sexual penetration in the second degree (CSP of a child between thirteen and eighteen years

old), not guilty of one of the counts, and not guilty of intimidation of a witness. We issued a notice of proposed summary disposition, proposing to affirm. Defendant has responded to our notice with a memorandum in opposition. We have considered Defendant's response, and remain unpersuaded that the district court erred. We, therefore, affirm.

On appeal, Defendant raises four issues. First, he argues that his due process rights were violated by the lack of specificity in the charging documents and the late disclosure of some of H.R.'s allegations against Defendant. [DS 5-7] Second, Defendant argues that the district court erred by denying the motion to suppress his statements to police because they were not knowing, intelligent or voluntary. [DS 7-8] Third, Defendant argues that the district court erred by admitting allegations against Defendant of prior bad acts and his alleged acts that occurred outside of New Mexico. [DS 8] Fourth and lastly, Defense counsel challenges the sufficiency of the evidence pursuant to the demands of *State v. Franklin*, 78 N.M. 127, 129, 428 P.2d 982, 984 (1967), and *State v. Boyer*, 103 N.M. 655, 658-60, 712 P.2d 1, 4-6 (Ct. App. 1985). [DS 8, 10]

**Due Process**

Defendant argues that his due process rights were violated by the lack of specificity in the charging documents and the late disclosure of some of H.R.'s

allegations against Defendant. [DS 5-7; MIO 2-5] New Mexico case law has addressed the due process concerns raised here that commonly arises with allegations of ongoing child sexual abuse. *See State v. Baldonado*, 1998-NMCA-040, ¶¶ 19-21, 124 N.M. 745, 955 P.2d 21; *State v. Altgilbers*, 109 N.M. 453, 464-71, 786 P.2d 680, 691-698 (Ct. App. 1989). Our law approaches these due process claims on a case-by-case basis that considers the narrowness of the time frame for each alleged offense, *see Altgilbers*, 109 N.M. at 466, 786 P.2d at 693, and the level of distinguishing detail provided to the defendant about the alleged offenses. *See State v. Dominguez*, 2008-NMCA-029, ¶¶ 6-11, 143 N.M. 549, 178 P.3d 834 (filed 2007). The law requires that the time of the offense be alleged with reasonable particularity, under the circumstances. *Baldonado*, 1998-NMCA-040, ¶ 26. "The test reviews the reasonableness of the [s]tate's efforts at narrowing the time of the indictment and measures the potential prejudice to the defendant of the time frame chosen by the [s]tate." *Id.* "If the court finds that the charge was not stated with reasonable particularity, it must then look to see if the [d]efendant is prejudiced by that failure." *Id.* ¶ 29.

In the current case, the State filed a bill of particulars that describes twelve acts recalled by H.R., which were identified as either sexual intercourse, cunnilingus or fellatio and distinguished by year, season, some charges by month, and by location.

[RP 137-38] The bill of particulars also states that a videotaped statement from Defendant to police supports at least three additional incidents for a total of fifteen separate charges of criminal sexual penetration. [RP 132-33] Thereafter, the district court directed a verdict of acquittal as to six counts. [DS 4] Neither the record nor Defendant's filings in this Court explain why six of the counts were deficient where the bill of particulars seemed to link fifteen counts to fifteen instances of abuse. Further, the bill of particulars was filed on March 27, 2008, [RP 137-38] the amended indictment was filed on April 17, 2008, [RP 155-59] and the trial was held on May 29, 2008. [RP 225]

Defendant contends that this time frame was inadequate because defense counsel was able to interview H.R. for the first time on April 24, 2008, just before trial began. [MIO 3] After this interview, the defense asked for a second interview, which the district court denied. [MIO 3-4] The district court permitted the defense to ask questions by interrogatories, however. [MIO 4] Defendant argues that H.R.'s answers were terse and unhelpful, and that a second interview would have allowed the defense to flesh out her answers and obtain more useful information in preparing a defense. [Id.]

Defendant does not explain how these circumstances impacted his trial. He does not explain the grounds for the district court's denial of a second interview, what

4

questions were asked by interrogatories, why specifically that process was inadequate, and how more time and an-person interview would have benefitted his defense. "An assertion of prejudice is not a showing of prejudice," *In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 10, 121 N.M. 562, 915 P.2d 318, and "[i]n the absence of prejudice, there is no reversible error." *Baldonado*, 1998-NMCA-040, ¶ 29 (internal quotation marks and citation omitted). It is the appellant's burden to clearly demonstrate error on appeal, because we presume correctness. *See State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (stating that there is a presumption of correctness in the rulings or decisions of the district court, and the party claiming error bears the burden of showing such error). We will not presume that the district court's rulings constituted error that prejudiced the defense.

Defendant also maintains that the State's failure to charge him properly from the initiation of the prosecution devastated his ability to prepare a proper defense and injected reversible error in the proceedings. [MIO 4] As we explained in our notice, however, the bill of particulars ultimately was detailed and sufficiently specific to satisfy due process. Given the directed verdicts as to six counts and the revised bill of particulars, it appears that Defendant's trial was more targeted to specific, provable and defendable acts than in our controlling case law. As we stated in our notice, in *Altgilbers*, we explained that with a multi-year period of alleged abuse with multiple

offenses, the prosecution must draw a line somewhere to charge the defendant in a manner that "reflect[s] the magnitude of the conduct while reducing potential [due process] problems," and that the mere fact that the prosecution must make this decision does not render the decision oppressive or unfair. *Altgilbers*, 109 N.M. at 466, 786 P.2d at 693. In *Altgilbers*, we determined that "dividing the multi-year period of the alleged infractions into two- or three-month intervals" served the interests at stake. *See id.*

Without further detail from Defendant as to how he was prejudiced, we will not presume that Defendant was denied due process. *See Aragon*, 1999-NMCA-060, ¶ 10. For these reasons, we hold that Defendant has not demonstrated error.

**Motion to Suppress Statements to Police**

Defendant argues that the district court erred by denying his motion to suppress his statements to police because they were not knowing, intelligent or voluntary. [DS 7-8; MIO 5-6] Defendant pursues this issue in his response under the demands of *Franklin* and *Boyer*. [MIO 6] Defendant argues that he is a Mexican national and was entitled to consult with the Mexican consulate, and that he does not speak English and should have been provided an interpreter during the interview. [Id.]

When a defendant moves to suppress "a statement made to police during a custodial interrogation, the State must demonstrate by a preponderance of evidence

6

that a defendant knowingly, intelligently, and voluntarily waived his or her constitutional rights under *Miranda*." *State v. Barrera*, 2001-NMSC-014, ¶ 22, 130 N.M. 227, 22 P.3d 1177. "On appeal, we review the [district] court's findings of fact for substantial evidence and review de novo the ultimate determination of whether a defendant validly waived his or her *Miranda* rights prior to police questioning. In determining whether a waiver of rights is knowing, intelligent, and voluntary, we assess the totality of circumstances." *Id.* ¶ 23 (citations omitted).

In the present case, the State presented a videotape of the interview, which revealed that the detective in Santa Fe explained Defendant's rights under *Miranda v. Arizona*, 384 U.S. 436, 444 (1966), before the questioning began, and that the detective reviewed a written waiver of rights with Defendant, and that Defendant signed it. [RP 128-33] The State argued that the videotape showed that Defendant was proficient in English, that there was no intimidation or coercion, that Defendant asked questions when he needed clarification, and that detectives asked Defendant if he needed further clarification on any of the rights he was waiving. [RP 131] It appears that at no time did Defendant request an interpreter or express any difficulty in understanding English. [Id.]

Defendant does not dispute the truth of the facts we have recounted above and does not explain any other grounds on which the district court might have ruled. [MIO

6] The videotape presented questions of fact for the district court to resolve. *See State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (recognizing that it is for the fact finder (in this case, the judge) to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lay). Under our standard of review, we presume that the district court appropriately denied suppression, based on findings that the videotape indicated that Defendant was given the *Miranda* warnings and that he understood English and properly waived his rights. [RP 144]

To the extent Defendant continues to argue that he had a right to consult with the Mexican Consulate under the Vienna Convention on Consular Relations (VCCR), we disagree. The New Mexico Supreme Court has determined that "the provisions of the VCCR do not create legally enforceable individual rights." *State v. Martinez-Rodriguez*, 2001-NMSC-029, ¶ 15, 131 N.M. 47, 33 P.3d 267, *abrogated on other grounds as recognized in State v. Forbes*, 2005-NMSC-027, ¶ 6, 138 N.M. 264, 119 P.3d 144. Thus, it appears Defendant had no standing to enforce the provisions of the VCCR. *Martinez-Rodriguez*, 2001-NMSC-029, ¶ 15.

For these reasons, we affirm the district court's denial of Defendant's motion to suppress his statements.

**Bad Act Evidence**

8

Defendant argues that the out-of-state allegations are not relevant to the charges in New Mexico and should be excluded under Rule 11-403 NMRA. [DS 8; MIO 6-7] Defendant also pursues this issue in his response under *Franklin* and *Boyer*. [MIO 7]

"We review the admission of evidence under an abuse of discretion standard and will not reverse in the absence of a clear abuse." *See State v. Sarracino*, 1998-NMSC-022, ¶ 20, 125 N.M. 511, 964 P.2d 72.

> Determining whether the prejudicial impact of evidence outweighs its probative value is left to the discretion of the [district] court . . . [i]n determining whether the [district] court has abused its discretion in applying Rule 11-403, the appellate court considers the probative value of the evidence, but the fact that some jurors might find this evidence offensive or inflammatory does not necessarily require its exclusion.

*State v. Rojo*, 1999-NMSC-001, ¶ 48, 126 N.M. 438, 971 P.2d 829 (alterations in omitted) (internal quotation marks and citations omitted).

In the present case, the district court denied the motion to exclude the evidence on the grounds that the evidence was admissible to demonstrate the nature of the alleged abuse and when it began. [RP 160] Rule 11-404(B) NMRA permits admission of evidence of other bad acts to prove "motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident." This list is not exhaustive of the purposes for which other bad acts may be admitted. *See State v. Landers*, 115 N.M. 514, 517, 853 P.2d 1270, 1273 (Ct. App. 1992), *overruled on*

*other grounds by State v. Kerby*, 2005-NMCA-106, ¶¶ 28-30, 138 N.M. 232, 118 P.3d 740 (abolishing the "sex-crimes-against-children exception to Rule 11-404," applied in *Landers* as an exception to the exclusion of propensity evidence, and permitting evidence of a lewd and lascivious disposition toward the prosecuting witness). The State offered evidence of the alleged abuse that occurred outside of New Mexico to provide context for the charges and to demonstrate an ongoing sexually abusive relationship. [RP 110]

The defense argued that the sexual relationship between Defendant and H.R. began when she was eighteen years old and that it was consensual, initiated by her. [DS 4] Defendant does not explain what specific evidence he sought to exclude and why specifically it was irrelevant or unduly prejudicial. The State offered some sort of evidence that an abusive sexual relationship began much earlier in Nevada or Utah and continued intermittently in New Mexico, as H.R. and her mother relocated, to demonstrate the nature of the relationship, the pattern of the alleged abuse, and how the alleged abuse was able to continue over time, even after H.R. reached the age of majority. [RP 111]

*Kerby* abolished a per se exception to propensity evidence; it did not narrow the manner in which we apply Rule 11-404(B) on a case-by-case basis. Under the facts of the present case, evidence that the ongoing sexually abusive relationship, for which

Defendant is being prosecuted here, and which began in another state, falls squarely within the evidence permitted by Rule 11-404(B). *See State v. Otto*, 2007-NMSC-012, ¶¶ 7, 11-12, 141 N.M. 443, 157 P.3d 8 (reversing this Court and holding that evidence of uncharged prior sexual acts with the minor victim in another state were relevant to show intent and absence of mistake or accident, and could be relevant to show context of the abuse, where the defendant stated that he was ready to digitally penetrate the victim but woke up and did not think he had done so).

After the district court determines "that the evidence is relevant to a material issue other than the defendant's character or propensity to commit a crime, [it] must determine that the probative value of the evidence outweighs the risk of unfair prejudice, pursuant to Rule 11-403." *Otto*, 2007-NMSC-012, ¶ 10. This rule states that "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury, or by considerations of undue delay, waste of time or needless presentation of cumulative evidence." Rule 11-403. "The purpose of [Rule] 11-403 is not to guard against any prejudice whatsoever, but only against the danger of *unfair* prejudice." *Otto*, 2007-NMSC-012, ¶ 16. "Evidence is not unfairly prejudicial simply because it inculpates the defendant. Rather, prejudice is considered unfair when it goes only to character or propensity." *Id.* (internal quotation marks and citations omitted).

11

In the present case, the evidence was properly admitted to demonstrate the nature of the relationship, the timing of the alleged abuse, and to show how the alleged abuse began and continued into H.R.'s age of majority. Defendant gives us no reason to believe that the prejudice was unfair and that the district court abused the vast discretion it is afforded in such a ruling. For these reasons, we affirm the district court's admission of the evidence.

**Sufficiency of the Evidence**

Pursuant to *Franklin* and *Boyer*, Defendant challenges the sufficiency of the evidence to support Defendant's convictions for CSP of a child aged thirteen to eighteen by coercion or a person in a position of authority. [DS 8, 10; MIO 7-10]

We engage a two-step analysis to evaluate a challenge to the sufficiency of the evidence presented to support a conviction. First, we "view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. Second, we "make a legal determination of whether the evidence viewed in this manner could justify a finding by any rational trier of fact that each element of the crime charged has been established beyond a reasonable doubt." *State v. Apodaca*, 118 N.M. 762, 766, 887 P.2d 756, 760 (1994) (internal quotation marks and citation omitted). "The reviewing

12

court does not weigh the evidence or substitute its judgment for that of the fact finder as long as there is sufficient evidence to support the verdict." *State v. Mora*, 1997-NMSC-060, ¶ 27, 124 N.M. 346, 950 P.2d 789. The question for us is whether the trial court's "decision is supported by substantial evidence, not whether the district court could have reached a different conclusion." *In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 15, 121 N.M. 562, 915 P.2d 318. "[S]ubstantial evidence [is] such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Salgado*, 1999-NMSC-008, ¶ 25, 126 N.M. 691, 974 P.2d 661 (internal quotation marks and citation omitted).

We look to the jury instructions to measure the sufficiency of the evidence to support the verdict. *See State v. Smith*, 104 N.M. 729, 730, 726 P.2d 883, 884 (Ct. App. 1986). For the eight charges of CSP of a child aged thirteen to eighteen by coercion or a person in a position of authority, for which the jury found Defendant guilty, it was asked to determine whether the State proved beyond a reasonable doubt that

1.  [D]efendant caused [H.R.] to engage in sexual intercourse;

2.  [H.R.] was at least 13 but less than 18 years old;

3.  [D]efendant was a person who by reason of his relationship to [H.R.] was able to exercise undue influence over [H.R.] and used this authority to coerce [H.R.] to submit to sexual contact;

13

> 4. This happened in New Mexico on or between the 1st day of August 2001 and the 31st day of January 2002 [and between the 1st day of February and the 28th day of February 2002] [and between the 1st day of November and the 30th day of November 2002] ] [and between the 1st day 30th day of November and the th day of November 2002] [and between the 1st day of January and the 31st day of January 2003] [and between the 1st day of August and the 31st day of August 2003] [and between the 1st day of August and the 31st day of August 2003] [and between the 1st day of November and the 30th day of November 2004].

[RP 177-80, 182-85]

In the current case, the State presented the testimony of H.R., her mother, Dr. Jepsen, law enforcement witnesses, and the videotape of Defendant's statement to police. [DS 4] H.R. testified that Defendant threatened her and her mother to keep her from reporting the rapes, but periods went by when Defendant was in another state, far away from her, and that she never reported any of it. [MIO 8] Without more information from Defendant about the testimony presented at trial, we presume the other witnesses for the State testified to similar facts. Defendant explained that he testified in his own defense as did "several witnesses." [DS 4] Defendant testified that he had sexual relations with H.R. only after she turned eighteen and after she initiated the sex. [MIO 8] Defendant contends he presented a credible, alternate version of events that should have raised a reasonable doubt in the minds of the jurors regarding his guilt.

"Contrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject [the d]efendant's version of the facts." *Rojo*, 1999-NMSC-001, ¶ 19. We view the evidence in the light most favorable to the verdict, and do not reweigh the evidence, make credibility determinations, or substitute our judgment for that of fact finder. *Cunningham*, 2000-NMSC-009, ¶ 26; *Mora*, 1997-NMSC-060, ¶ 27. Viewing the evidence in this manner, we hold that it was sufficient to support the verdict.

**CONCLUSION**

For the reasons discussed above and in our notice, we affirm the district court's judgment and sentence.

**IT IS SO ORDERED.**

_____
**CYNTHIA A. FRY, Chief Judge**

**WE CONCUR:**

_____
**JONATHAN B. SUTIN, Judge**

_____
**LINDA M. VANZI, Judge**