| STATE V. BOLANOS |
|---|

This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**STATE OF NEW MEXICO,**
**Plaintiff-Appellee,**
**v.**
**DOMINGO BOLANOS,**
**Defendant-Appellant.**

Docket No. A-1-CA-37799
COURT OF APPEALS OF NEW MEXICO
May 23, 2019

APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY, Fred T. Van Soelen, District Judge

**COUNSEL**

Hector H. Balderas, Attorney General, Santa Fe, NM for Appellee

Bennett J. Baur, Chief Public Defender, Allison H. Jaramillo, Assistant Appellate Defender, Santa Fe, NM for Appellant.

**JUDGES**

J. MILES HANISEE, Judge. WE CONCUR: LINDA M. VANZI, Judge, ZACHARY A. IVES, Judge

**AUTHOR:** J. MILES HANISEE

**MEMORANDUM OPINION**

**HANISEE, Judge.**

**{1}** Defendant appeals his conviction, following a jury trial, of criminal sexual contact of a minor. [MIO 1] On appeal, Defendant challenges the sufficiency of the evidence and asserts unpreserved prosecutorial misconduct on the basis of a statement made during closing argument. [MIO 4, 6] This Court issued a notice of proposed summary disposition, proposing to affirm. [CN 6] Defendant has filed a memorandum in

opposition to that proposed disposition. Having duly considered that memorandum, we remain unpersuaded.

**{2}** In his memorandum in opposition to summary affirmance, Defendant continues to assert that "[t]he weight of the evidence supports [his] version of events and the jury should have returned a verdict of not guilty." [MIO 5] As we pointed out in our notice of proposed summary disposition, however, it is not the role of this Court to reweigh the evidence received below. *See State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (explaining that this Court defers "to the district court when it weighs the credibility of witnesses"); *Las Cruces Prof'l Fire Fighters v. City of Las Cruces*, 1997-NMCA-044, ¶ 12, 123 N.M. 329, 940 P.2d 177 (explaining that this Court does not reweigh the evidence on appeal); *see also State v. Griffin*, 1993-NMSC-071, ¶ 17, 116 N.M. 689, 866 P.2d 1156 (same). As a result, the sole question before this Court is whether the State offered evidence to support the requisite elements of the crime charged. *See State v. Sanders*, 1994-NMSC-043, ¶ 11, 117 N.M. 452, 872 P.2d 870; *see also State v. Soliz*, 1969-NMCA-043, ¶ 8, 80 N.M. 297, 454 P.2d 779 (the testimony of a single witness can be sufficient to support a conviction). As set forth more fully in our notice of proposed summary disposition, in this regard, the testimony of the victim sufficed.

**{3}** Defendant's memorandum in opposition also continues to assert that prosecutorial misconduct may have occurred during closing argument in which the State made an isolated reference to what a not guilty verdict would say "to every child that has been molested." [MIO 6] Our notice of proposed disposition suggested that the State's comment should be assessed based upon "(1) whether the statement invades some distinct constitutional protection; (2) whether the statement is isolated and brief, or repeated and pervasive; and (3) whether the statement is invited by the defense." *State v. Sosa*, 2009-NMSC-056, ¶ 26, 147 N.M. 351, 223 P.3d 348. In doing so, we suggested that the first two factors weigh in favor of the State and that Defendant's docketing statement did not "recount any of his own closing argument or otherwise provide context from which we could assess the third factor." [CN 5]

**{4}** In his memorandum, Defendant now asserts that the first factor weighs in his favor because the comment at issue invaded his "right to a fair trial and due process." [MIO 7-8] Of course, that is the ultimate question to be answered whenever prosecutorial misconduct is alleged. *See State v. Landers*, 1992-NMCA-131, ¶ 9, 115 N.M. 514, 853 P.2d 1270 ("The question presented on appeal when a defendant alleges that the prosecutor in closing arguments made improper comments is whether the comments deprived the defendant of a fair trial."), *overruled on other grounds by State v. Kerby*, 2005-NMCA-106, 138 N.M. 232, 118 P.3d 740. As such, we do not believe the general right to a fair trial is the type of "distinct" constitutional protection discussed in *Sosa*. Rather than just address the overall concern for fairness that is at the heart of all claims of prosecutorial misconduct, *Sosa* discussed prosecutorial comment on specific rights like the Fifth Amendment right against self-incrimination or the Fourth Amendment right to refuse entry to a police officer. *Sosa*, 2009-NMSC-056, ¶¶ 27-28. More importantly, the isolated comment at issue in this case was not what *Sosa* termed "a

return to an impermissible theme from before." *Id.* ¶ 38. Instead, while the prosecutor's statement did amount to "an impermissible appeal to fight crime," we are not persuaded that the isolated reference rose to the level of fundamental error in this case. *See id.* ¶ 31.

**{5}** Accordingly, for the reasons stated here and in our notice of proposed summary disposition, we affirm the judgment of the district court.

**{6}** **IT IS SO ORDERED.**

**J. MILES HANISEE, Judge**

**WE CONCUR:**

**LINDA M. VANZI, Judge**

**ZACHARY A. IVES, Judge**